**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 3:00cr12/LAC

RICHARD BRUCE KING,
    a/k/a Ponytail Rick,

    Defendant.
_____/

## **ORDER**

Before the Court is Defendant's response to the show cause order issued on December 9, 2008.

In his Notice of Appeal, filed on October 22, 2008, Defendant appealed the Court's Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 392), which was entered on April 29, 2008.  In a footnote, Defendant recognized that the notice was untimely but stated that he did not "become aware of" the Order until September 24, 2008.

Even taking Defendant's assertions as true and accurate, his notice was nevertheless filed clearly after the ten day deadline for appeals of criminal matters under Rule 4(b) of the

Federal Rules of Appellate Procedure. *See United States v. Kinsey*, 261 Fed. Appx. 210, 212 (11th Cir. 2008). Although he does not state so, Defendant may have been operating under the mistaken belief that the appeal deadline was thirty days. It is established as a matter of law in this circuit that errors based on misunderstandings of law do not form a sufficient basis for excusing a failure to comply with a deadline. *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997). Thus, even if Defendant held the mistaken belief that the time for appeal was thirty days instead of ten, this does not constitute excusable neglect. *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004); *United States v. Hooper*, 43 F.3d 26 (2d Cir. 1993); *United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211 (9th Cir. 1990); *see also Riney*, 130 F.3d at 999 (finding no excusable neglect where the notice of appeal was three weeks late due to the mistaken belief that post trial motions were timely filed under the rules and would therefore act to toll the deadline for appeal).[1]

Accordingly, this Court finds that Defendant did not timely file his Notice of Appeal, nor has he shown excusable neglect under Rule 4(b)(4) to warrant an extension of time to file the Notice of Appeal.

---

[1] The Court recognizes that *Riney* was a civil case governed by Rule 4(a). However, as expressed in an earlier opinion in that same case, *Advanced Estimating System, Inc. v. Riney,* 77 F.3d 1322, 1324-25 (11th Cir. 1996), it is widely recognized that the benchmark Supreme Court opinion defining excusable neglect, *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), applies in both civil and criminal appellate situations under Rules 4(a) and 4(b). It was in keeping with *Pioneer* that the Eleventh Circuit in *Riney* reached its holding that attorney ignorance of the rules does not constitute excusable neglect.

As directed by the Eleventh Circuit, the Clerk is directed to return the file to the Eleventh Circuit for further proceedings.

**ORDERED** on this 30th day of December, 2008.

s/ *L.A. Collier*
Lacey A. Collier
Senior United States District Judge
