IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                         Case Nos.:    3:00cr12/LAC
                                                                          3:12cv436/LAC/EMT
RICHARD BRUCE KING

## REPORT AND RECOMMENDATION

Defendant has filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, including a sworn memorandum in support (doc. 507). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Therefore, after a review of Defendant's submission and the record, it is the opinion of the undersigned that Defendant's motion should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant was convicted after a jury trial of conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 50 grams of cocaine base in violation of Title 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and (iii) and 846 (docs. 135, 222). He was sentenced on December 21, 2000, to a term of 396-months imprisonment, followed by 60 months of supervised release, a fine of $1,500 and a special monetary assessment of $100.00 (docs. 215, 222).  His conviction and sentence were affirmed on appeal on November 21, 2001 (doc. 293).

The instant § 2255 motion was filed pursuant to the prison mailbox rule[1] on August 25, 2012 (doc. 507 at 13). In his motion, Defendant raises a single ground for relief. He contends that he is entitled to re-sentencing based on the Supreme Court's recent decision in Southern Union Co. v. United States, 132 S. Ct. 2344 (June 21, 2012). Southern Union revisited the principle enunciated in Apprendi v. New Jersey, 530 U.S. 466 (2000) and reiterated in Blakely v. Washington, 542 U.S. 296 (2004), that the Sixth Amendment reserves to juries the determination of any fact, other than the fact of a prior conviction, that increases a criminal defendant's sentence beyond the statutory maximum, and held that this principle also applies to criminal fines. 132 S. Ct. at 2348–49.

Before a second or successive application for § 2255 relief is filed in the district court, Defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010). This authorization is required even when, as here, a defendant bases his motion on the alleged existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant previously filed a motion pursuant to 28 U.S.C. § 2255, which was denied (*see* docs. 307, 323), and he has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed as successive.

Defendant's motion is also untimely. Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

      (1) the date on which the judgment of conviction becomes final;

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 3:00cr12/LAC; 3:12cv436/LAC/EMT

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant asserts that his motion is timely because has filed it within one year from the date the Supreme Court decided the case which initially recognized the right being asserted. However, the Supreme Court's opinion in Southern Union neither creates a new rule of constitutional law nor recognizes a new right; rather it affirms an existing rule and applies it to another aspect of the sentencing scheme. *See* 132 S. Ct. 2344, 2350 (2012).

Finally, even if Defendant were entitled to seek relief under Southern Union, the principle set forth therein is of no benefit to Defendant under the facts of this case. The judgement and commitment order reflects that Defendant was convicted under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and (iii). Applicable penalties for such violations include "a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $10,000,000 if the defendant is an individual . . . ." 21 U.S.C. § 841(b). If a defendant has a prior conviction for a felony drug offense the court may impose a fine "not to exceed the greater of twice that authorized in accordance with the provisions of Title 18 or $20,000,000 if the defendant is an individual . . . ." *Id.* Defendant's fine of $1,500.00 clearly was well within the statutory maximum fine, and as such no jury determination was required by the Sixth Amendment under Southern Union or Apprendi.

Because it "plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief," the undersigned recommends that this case be summarily dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant,"

and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.The motion to vacate, set aside, or correct sentence (doc. 507) be summarily **DENIED and DISMISSED**.

2.A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of September 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**